```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
EDWARD TOLER,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                    14-CV-5662 (FB) (LB)
     -against-

BAKER, MCEVOY, MORRISSEY &
MOSKOVITS, P.C. and AMERICAN
TRANSIT INSURANCE CO.,

                Defendants.

----------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*                *For the Defendants:*
MATTHEW S. PORGES                   JOSEPH CARAFALSA
641 President Street                ADRIANA S. KOSOVYCH
Suite 205                           Putney, Twombly, Hall &
Brooklyn, NY 11215                  Hirson LLP
                                    521 Fifth Avenue
                                    10th Floor
                                    New York, NY 10175

**BLOCK, Senior District Judge:**

On June 4, 2015, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") with respect to the enforcement of a settlement agreement between plaintiff Edward Toler ("Toler") and the law firm Baker, McEvoy, Morrissey & Moskovits, P.C. and American Transit Insurance Co. (collectively, "Defendants").

The parties agreed to settle the case during a conference with the magistrate judge. Magistrate Judge Bloom read the terms of the settlement agreement on the record, and Toler verbally assented to each term, including:

> THE COURT: And that the defendants will include a $10,000 liquidated damages penalty if confidentiality is violated. Do you understand that?
>
> MR. TOLER: Yes, your Honor. ECF 24.

Toler later refused to sign a written version of the on-the-record settlement agreement because the written liquidated-damages provision included a $10,000 penalty for *each* breach of confidentiality. Defendants moved for enforcement of the settlement agreement, to compel Toler to sign a written memorialization of the on-the-record agreement, and for attorney's fees and costs related to seeking enforcement of the settlement. The R&R recommended that the motion to enforce the on-the-record settlement be granted and the case dismissed with prejudice, and the motions to compel and for attorney's fees and costs be denied.

Toler, proceeding pro se despite having retained counsel, filed objections to the R&R on June 19, 2015. Although Toler's objections were filed one-day late, the Court excuses this untimeliness because the defendants do not assert that they have been prejudiced by the slight delay. *Cf. DuBois v. Macy's Retail Holdings, Inc.*, No. 11-CV-4904, 2012 WL 4060586, at *1 n.1 (E.D.N.Y. Sept. 13, 2012) (excusing a one-day delay in objecting to an R&R). Because of Toler's pro se filing, Toler's attorney, Matthew Porges, moved for

immediate payment of his legal fees. The R&R recommended Porges's motion be denied.

The Court reviews de novo those portions of the R&R to which Toler properly objected. 28 U.S.C. § 636(b). Unobjected-to portions of the R&R are reviewed for clear error. *Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014).

Toler objects to the R&R's recommendation that the on-the-record settlement agreement be enforced because he did not agree to a liquidated-damages provision that assesses a $10,000 penalty against him for *each* breach of confidentiality. Magistrate Judge Bloom stated the material terms of the settlement agreement on the record, and Toler provided his assent. As a matter of contract law, a "voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d. Cir. 2007) (quoting *Role v. Eureka Lodge*, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam)). "The settlement remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." *Id.* Accordingly, the settlement entered into on the record is binding on the parties and enforceable.

This does not mean, however, that Toler agreed to pay $10,000 for each breach of confidentiality. It is clear that Toler assented to "a $10,000 liquidated damages penalty if confidentiality is violated." ECF 24. But the Court expresses no opinion on the proper

3

interpretation of this provision because the defendants do not presently seek to enforce it against Toler.  *Cf. Rivera v. Salomon Smith Barney Inc.*, No. 01-CV-9282, 2002 WL 31106418, at *2 (S.D.N.Y. Sept. 20, 2002) (holding the court lacked jurisdiction to interpret scope of arbitration clause in employment agreement when opposing party had not sought to invoke the clause); *see also, e.g.*, *Auerbach v. Bd. of Educ. of the Harborfields Cent. Sch. Dist. of Greenlawn*, 136 F.3d 104, 108-09 (2d Cir. 1998) ("When the events alleged in a plaintiff's cause of action have not yet occurred, a federal court is precluded from exercising subject matter jurisdiction because a real case or controversy does not exist for purposes of Article III.").  Should the defendants later seek to enforce this provision, a court with proper jurisdiction would have an opportunity to interpret the meaning of the parties' on-the-record agreement in the first instance.

Having also reviewed the unobjected-to portions of the record and finding no clear error, the R&R is adopted in full.  The Court directs the Clerk of the Court to enter judgment in accordance with the R&R.

     **SO ORDERED.**

/s/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 18, 2015

4